UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILLER'S ALE HOUSE, INC., a Delaware Corporation, )<br>)<br>) | FILED: AUGUST 6, 2008<br>08CV4447<br>JUDGE KENNELLY<br>MAGISTRATE JUDGE ASHMAN |
| Plaintiff, )<br>) | CASE NO.:<br>JFB |
| vs. )<br>) | Judge:<br>Magistrate: |
| RAM INTERNATIONAL I, LLC, a Washington Limited Liability Company, )<br>)<br>) | Jury Trial Demand |
| Defendant. )<br>) | |

**COMPLAINT FOR
INJUNCTIVE, MONETARY AND OTHER RELIEF**

Plaintiff, Miller's Ale House, Inc. ("Ale House"), by and through the undersigned counsel, files this action against Defendant Ram International I, LLC, ("Ram") and alleges:

**NATURE OF THE ACTION**

1.      Plaintiff Ale House seeks injunctive and monetary relief against Defendant Ram arising from its claims against Defendant for trademark infringement, trademark cyberpiracy, unfair competition and false designation of origin under 15 U.S.C. §§ 1051, *et seq.*, and trademark and unfair competition under Illinois common law.

2.      Plaintiff Ale House's claims are based on Defendant Ram's unauthorized use of Plaintiff's famous "ZINGERS" trademark in connection with Defendant's restaurants.

## JURISDICTION AND VENUE

3.  This action arises under Sections 1125(a), 1125(c) and 1125(d) of the Trademark Act of July 5, 1946, as amended (commonly known as the "Lanham Act"), 15 U.S.C. § 1051, *et seq.*, and the common law of Illinois. This Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant operates restaurants in this judicial district.

## PARTIES

5.  Plaintiff Ale House is a corporation organized on July 30, 2004, and existing under the laws of the State of Florida with its principal place of business in Jupiter, Palm Beach County, Florida. Plaintiff operates restaurants which presently include 43 in the State of Florida and restaurants in Illinois, Pennsylvania and New York. Plaintiff is expanding into additional geographical areas from its Florida base.

6.  Upon information and belief, Defendant Ram is a Limited Liability Company organized on March 16, 2000, and existing under the laws of the State of Washington, with its principal place of business in Lakewood, Pierce County, Washington. Upon information and belief, Ram operates restaurants and has expanded from its Washington State base to Illinois, Indiana and Wyoming.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff Ale House has enjoyed a reputation as an outstanding restaurateur and has established leading restaurants in the communities where it has entered, namely in Florida and elsewhere in the United States, including Illinois.

8. Plaintiff Ale House is the owner of U.S. Trademark Registration No. 2,551,537, issued on March 26, 2002 for the mark "ZINGERS" for menu items, namely boneless buffalo style chicken wings pieces, and is the owner of related common law rights therein (the "Mark"). A true and correct copy of the Certificate of Registration for U.S. Trademark Registration No. 2,551,537 is attached hereto as Exhibit A. The registration of the Mark is in full force and effect under Section 8 of the Lanham Act, 15 U.S.C. § 1058. The registration of the Mark has also achieved incontestability status in accordance with 15 U.S.C. § 1065.

9. Plaintiff Ale House also owns related trademarks, including U.S. Trademark Registration No. 2,611,506 for "CHICKEN ZINGERS" for menu items, namely boneless buffalo style chicken wings pieces, and U.S. Trademark Registration No. 2,734,343 for "ZINGER MELT" for prepared appetizer consisting of boneless chicken wings with hot sauce, sour cream, pico de gallo and cheese, copies of which are attached hereto as Exhibit B. The registration of the "CHICKEN ZINGERS" mark has also achieved incontestability status in accordance with 15 U.S.C. § 1065.

10. Plaintiff Ale House has invested a substantial amount of money in advertising and promoting its products under the Mark.

11. As a result of Plaintiff Ale House's substantial and continuous use of the Mark, and its advertising and promotional efforts, the Mark has become well-known and qualifies as a

famous mark. The Mark has come to be known to the public as representing products of high quality. Through favorable public acceptance and recognition, the Mark constitutes an asset of substantial value as a symbol of Ale House, its quality products and services, and its goodwill.

12. Plaintiff Ale House's Mark has become widely and favorably known as identifying products originating from, sponsored by or associated with Ale House. The public has come to distinctly associate the Mark solely with Ale House and as a source of high quality goods and services that are provided to the public by Ale House.

13. Upon information and belief, Defendant Ram commenced use of "ZINGERS" after Plaintiff, and is using the mark to cover similar products as Plaintiff, namely buffalo style chicken pieces.

14. Upon information and belief, Defendant Ram provides its goods and services under the mark "ZINGERS" (the "Infringing Mark"). Upon information and belief, Defendant Ram employs the Infringing Mark in its promotional, advertising and soliciting materials and on its website, www.theram.com. Defendant Ram's use of the 'ZINGERS" mark did not start until after Plaintiff's use of the "ZINGERS" mark.

15. The Infringing Mark incorporates in its entirety the Plaintiff's Mark "ZINGERS", and gives rise to a likelihood of consumer confusion.

16. Upon information and belief, Defendant Ram uses the Infringing Mark in connection with the same or similar services and products.

17. Upon information and belief, Plaintiff Ale House and Defendant Ram target the same or similar prospective customers through the same or similar advertising media, including the Internet.

18.  Upon information and belief, Plaintiff Ale House and Defendant Ram distribute their goods through the same or similar channels of trade. Plaintiff Ale House has a restaurant at 455 E. Butterfield Road, Lombard, Illinois, while Defendant Ram has restaurants at 9520 W. Higgins Road, Rosemont, Illinois and 1901 McConnor Parkway, Schaumburg, Illinois, both of which are approximately a twenty minute drive from Plaintiff's restaurant. Defendant advertises its ZINGERS product on the Internet.

19.  Defendant Ram has acted in bad faith in connection with the confirmed use of "ZINGERS". Upon information and belief and at all times material hereto, Defendant had actual knowledge of Plaintiff's use of the Mark "ZINGERS" due to direct contacts between the parties. The Defendant's use of "ZINGERS" in light of its knowledge of Plaintiff's extensive use and ownership of the Mark "ZINGERS", was willful and intentional, and represents a deliberate effort to trade on the goodwill developed by Plaintiff in the Mark "ZINGERS".

20.  Plaintiff Ale House attempted to amicably resolve this matter without resort to litigation by notifying Defendant Ram of Plaintiff's rights and demanding that Defendant cease all use of the Mark "ZINGERS".

21.  Defendant Ram's use of "ZINGERS", as a mark and trade name, is now and will continue to cause irreparable harm, damage and injury to Plaintiff Ale House.

**FIRST CLAIM FOR RELIEF**
**(TRADEMARK INFRINGEMENT – FEDERAL LAW)**

22.  Plaintiff Ale House re-alleges and incorporates the allegations of paragraphs 1 through 21 as if fully set forth herein.

23.  This is an action under 15 U.S.C. § 1114(1) for federal trademark infringement.

24. Defendant Ram's deliberate and willful use in interstate commerce of Plaintiff's Mark in the advertising, marketing, soliciting and sale of its services and operation of its business is not approved or licensed by Plaintiff and constitutes infringement of Plaintiff's federally registered Mark in violation of 15 U.S.C. § 1114(1).

25. Defendant Ram's wrongful conduct has caused and is likely to continue to cause confusion, mistake or to deceive in violation of 15 U.S.C. § 1114(1).

26. Defendant Ram's unauthorized use of Plaintiff's Mark is an intentional and willful appropriation and infringement of Plaintiff's Mark, and Defendant is liable to Plaintiff for treble damages and attorney fees under 15 U.S.C. § 1117.

27. Defendant's wrongful conduct has damaged Plaintiff, and Plaintiff has no adequate remedy at law. Unless these acts are restrained and enjoined by this Court, Defendant will continue infringement of Plaintiff's Mark, and the resulting damage to Plaintiff will be substantial, continuing and irreparable.

### SECOND CLAIM FOR RELIEF
### (UNFAIR COMPETITION – FEDERAL LAW)

28. Plaintiff Ale House re-alleges and incorporates the allegations of paragraphs 1 through 27 as if fully set forth herein.

29. This is an action under 15 U.S.C. § 1125(a) for false designation of origin.

30. The acts of Defendant Ram, complained of herein constitute false designation of origin and association and unfair competition, which are likely to cause confusion, mistake or deceive as to affiliation, connection or association of Defendant Ram with Plaintiff Ale House, and/or as to origin, sponsorship or approval of Defendant Ram's services by Plaintiff Ale House, in violation of 15 U.S.C. § 1125(a).

31. Defendant Ram's false association with Plaintiff Ale House's Mark and unfair competition is intentional and willful, and Defendant Ram is liable to Plaintiff Ale House for treble damages under 15 U.S.C. § 1117.

32. Defendant Ram's wrongful conduct has damaged Plaintiff Ale House, and Plaintiff Ale House has no adequate remedy at law. Unless these acts are restrained and enjoined by this Court, Defendant Ram will continue these acts of false association, and the resulting damage to Plaintiff Ale House will be substantial, continuing and irreparable.

### THIRD CLAIM FOR RELIEF
### (TRADEMARK CYBER PIRACY – FEDERAL LAW)

33. Plaintiff Ale House re-alleges and incorporates the allegations of paragraphs 1 through 32 as if fully set forth herein.

34. Plaintiff Ale House's Mark "ZINGERS" became famous and distinctive long prior to Defendant's use of "ZINGERS" on its website.

35. Defendant Ram and its leadership have used the "ZINGERS" trademark with the bad faith intent to profit from the use of Plaintiff's Mark.

36. Defendant Ram's use of the "ZINGERS" trademark is confusingly similar to Plaintiff's "ZINGERS" Mark and is likely to cause consumers mistakenly to believe that the Defendant's goods and services are sponsored or approved by Ale House or are otherwise affiliated with or offered under the "ZINGERS" mark with the permission of Plaintiff Ale House.

37. Defendant Ram's use of the "ZINGERS" mark has diluted the Mark.

38. Defendant Ram's activities constitute cyberpiracy in connection with goods and services distributed in interstate commerce in violation of Section 43(d) of the Lanham Act, 15 U.S.C. Section 1125(d).

39.　　As a result of the activities complained of herein, Defendant Ram has caused Plaintiff Ale House irreparable harm and injury, and will continue to do so unless Defendant is restrained and enjoined by this Court from further violation.

40.　　Plaintiff Ale House has no adequate remedy at law. Unless such acts are restrained and enjoined by this Court, Defendant Ram will continue these acts of false association, and the resulting damage to Plaintiff will be substantial, continuing and irreparable.

### FOURTH CLAIM FOR RELIEF
### (TRADEMARK INFRINGEMENT – ILLINOIS COMMON LAW)

41.　　Plaintiff Ale House re-alleges and incorporates the allegations of paragraphs 1 through 40 as if fully set forth herein.

42.　　This is an action under Illinois common law for trademark infringement.

43.　　The acts of the Defendant complained of herein constitute trademark infringement in violation of the common law of the State of Illinois.

44.　　Defendant Ram's unauthorized use of Plaintiff Ale House's famous "ZINGERS" Mark has caused and is likely to continue to cause confusion, to cause mistake, or to deceive, in violation of Illinois common law.

45.　　Defendant Ram's wrongful conduct has damaged Plaintiff Ale House, and Plaintiff Ale House has no adequate remedy at law. Unless such acts are restrained and enjoined by this Court, Defendant Ram will continue to infringe upon Plaintiff Ale House's "ZINGERS" Mark, and the resulting damage to Plaintiff will be substantial, continuing and irreparable.

## FIFTH CLAIM FOR RELIEF
### (UNFAIR COMPETITION – ILLINOIS COMMON LAW)

46. Plaintiff Ale House re-alleges and incorporates the allegations of paragraphs 1 through 45 as if fully set forth herein.

47. This is an action under Illinois common law for unfair competition.

48. The acts of the Defendant complained of herein constitute unfair methods of competition in violation of the common law of the State of Illinois, including passing off Defendant Ram's services as those of the Plaintiff Ale House.

49. Defendant Ram's wrongful conduct has damaged Plaintiff Ale House, and Plaintiff Ale House has no adequate remedy at law. Unless these acts are restrained and enjoined by this Court, Defendant will continue these acts of unfair competition, and the resulting damage to Plaintiff will be substantial, continuing and irreparable.

## SIXTH CLAIM FOR RELIEF
### (VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICES ACT)

50. Plaintiff Ale House re-alleges and incorporates the allegations of paragraphs 1 through 49 as if fully set forth herein.

51. This is claim for unfair trade practices under the Illinois Deceptive Trade Practices Act, 815 Illinois Compiled Statutes 510, Section 2.

52. The wrongful acts of Defendant Ram alleged herein constitute an unfair business practice, as defined and prohibited by Illinois law. In particular, Defendant's complained of acts constitute unfair methods of competition in violation of Illinois law, including the passing off Defendant Ram's services as those of the Plaintiff Ale House.

53. Defendant Ram's wrongful conduct has damaged Plaintiff Ale House, and Plaintiff Ale House has no adequate remedy at law. Unless these acts are restrained and enjoined by this Court, Defendant will continue these acts of unfair competition, and the resulting damage to Plaintiff will be substantial, continuing and irreparable.

54. Pursuant to Section 3 of the Unfair Trade Practices Act, Plaintiff Ale House is entitled to an injunction against continuation of Defendant Ram's wrongful conduct, as alleged herein.

## DEMAND FOR JURY TRIAL

Plaintiff Ale House demands trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ale House demands judgment and relief against Defendant Ram and respectfully requests that this Court:

A. Find that the acts of Defendant complained of herein constitute false designation of origin and unfair competition in violation of federal law.

B. Find that Defendant has infringed Plaintiff's Mark under federal law and has damaged Plaintiff's good will by the acts complained of herein.

C. Find that Defendant has committed cyber piracy of Plaintiff's Mark under federal law and has damaged Plaintiff's good will and diluted Plaintiff's Mark by the acts complained of herein.

D. Find that Defendant has engaged in trademark infringement in violation of Illinois common law.

E.  Find that Defendant has engaged in unfair competition in violation of Illinois common law.

F.  Find that Defendant has engaged in unfair competition in violation of the Illinois Deceptive Trade Practices Act.

G.  Enter judgment for Plaintiff on all Claims of the Complaint.

H.  Permanently enjoin, restrain and forbid Defendant, and all of Defendant's principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors and assignees and all others acting in privity, concert or participation with Defendant, from:

(i). imitating, copying, duplicating or otherwise making any use of Plaintiff's Mark or any mark confusingly similar to, or likely to dilute the distinctiveness of Plaintiff's Mark in any manner, including, but not limited to, in connection with providing chicken products to individuals.

(ii). using the designation "ZINGERS" or Plaintiff's logos or any colorable imitations thereof, as a trademark, service mark, trade name, fictitious name or domain name, or in such fashion as is likely to falsely relate or connect Defendant with Plaintiff, or to cause confusion, mistake or deception, and affirmatively ordering the destruction of any of materials incorporating Plaintiff's Mark or the Infringing Mark, or confusingly similar variations thereof in Defendant's possession;

(iii). manufacturing, producing, distributing, circulating, selling or otherwise using any printed material which bears a copy or colorable imitation of Plaintiff's Mark;

(iv).    using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that any product advertised, promoted, offered or sold by Defendant is sponsored, endorsed, connected with, approved or authorized by Plaintiff;

(v).    causing likelihood of confusion or injury to Plaintiff's business reputation and to the distinctiveness of Plaintiff's Mark by unauthorized use of the same;

(vi).    engaging in any other activity constituting unfair competition, infringement or dilution of Plaintiff's Mark or Plaintiff's rights therein, or to use, or to exploit the same;

(vii).    from further using Plaintiff's Mark or confusingly similar variations thereof, in or as a part of any product names, labels, slogans, advertising, marketing and/or media material, web page text, domain name or other communication;

(viii).    using Plaintiff's Mark as a keyword, search word, meta-tag, as any part of a uniform resource locator, as any part of an email address or as any part of the description of a web site in any submission for registration of any Internet site with a search engine or index;

(ix).    assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in sub-paragraphs (i)-(viii) above; and

I.    Enter an order requiring Defendant and all of its principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors and assignees and all others acting in privity, concert or participation with Defendant, who receive

12

actual notice of said order, to deliver up all goods or products, signs, articles, items, and promotional, advertising and any other printed materials of any kind bearing Plaintiff's Mark, or any other mark confusingly similar to or likely to dilute the distinctiveness of Plaintiff's Mark.

J. Direct Defendant to account for all products and materials bearing Plaintiff's Marks or any other mark confusingly similar to or likely to dilute the distinctiveness of Plaintiff's Mark, and to surrender all such products and materials to the Court for destruction;

K. Award Plaintiff actual damages in an amount to be proved at trial, as authorized by 15 U.S.C. § 1117(a), and as otherwise provided by federal and Illinois law;

L. Order an accounting by Defendant of any profits derived in any way from Defendant's wrongful acts;

M. Treble the amounts awarded to Plaintiff in accordance with 15 U.S.C. § 1117(b);

N. Award Plaintiff its costs and attorney's fees incurred in connection with this action pursuant to 15 U.S.C. § 1117; and

O. Award such other and further relief as is just and proper.

**MILLER'S ALE HOUSE, INC.**

Dated: August 6, 2008

s/ Jeanne M. Gills
J. Rodman Steele, Jr.
Florida Bar Number: 356786
Richard L. Horn
Florida Bar Number: 0091998
Illinois Bar Number: 1261568
Akerman Senterfitt
222 Lakeview Avenue, Suite 400
West Palm Beach, FL 33401-6183
Telephone: (561) 653-5000
Facsimile: (561) 659-6313
Email: rodman.steele@akerman.com
Email: richard.horn@akerman.com

Case 1:08-cv-04447  Document 1  Filed 08/06/2008  Page 14 of 19

David R. Melton
Illinois Bar Number: 1883267
Jeanne M. Gills
Illinois Bar Number: 6225018
Foley & Lardner LLP
321 North Clark Street
Suite 2800
Chicago, Illinois 60654
Telephone: 312-832-4500
Facsimile: 312-832-4700
Email: dmelton@foley.com
Email: jgills@foley.com

*Attorneys for Plaintiff*

# EXHIBIT A

Int. Cl.: 29

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 2,551,537
Registered Mar. 26, 2002

## TRADEMARK
### PRINCIPAL REGISTER

### ZINGERS

ALE HOUSE MANAGEMENT, INC. (FLORIDA CORPORATION)
612 N. ORANGE AVENUE, SUITE C-6,
JUPITER, FL 33458

FOR: MENU ITEMS, NAMELY, BONELESS BUFFALO STYLE CHICKEN WINGS PIECES, IN CLASS 29 (U.S. CL. 46).

FIRST USE 2-15-1990; IN COMMERCE 2-15-1990.

SER. NO. 75-726,261, FILED 6-10-1999.

YSA DEJESUS, EXAMINING ATTORNEY

# EXHIBIT B

Int. Cl.: 29

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**   Reg. No. 2,611,506
Registered Aug. 27, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## CHICKEN ZINGERS

ALE HOUSE MANAGEMENT, INC. (FLORIDA CORPORATION)
612 N. ORANGE AVENUE
SUITE C-6
JUPITER, FL 33458

FOR: MENU ITEMS, NAMELY, BONELESS BUFFALO STYLE CHICKEN PIECES, IN CLASS 29 (U.S. CL. 46).

FIRST USE 2-15-1990; IN COMMERCE 2-15-1990.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CHICKEN", APART FROM THE MARK AS SHOWN.

SER. NO. 76-057,776, FILED 5-26-2000.

YSA DEJESUS, EXAMINING ATTORNEY

EXHIBIT B

Int. Cl.: 29

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 2,734,343
Registered July 8, 2003

## TRADEMARK
## PRINCIPAL REGISTER

## ZINGER MELT

ALE HOUSE MANAGEMENT, INC. (FLORIDA CORPORATION)
612 NORTH ORANGE AVENUE SUITE C-3
JUPITER, FL 33458

FOR: PREPARED APPETIZER CONSISTING OF BONELESS CHICKEN WINGS WITH HOT SAUCE, SOUR CREAM, PICO DE GALLO AND CHEESE, IN CLASS 29 (U.S. CL. 46).

FIRST USE 3-18-1995; IN COMMERCE 3-18-1995.

OWNER OF U.S. REG. NOS. 2,551,537 AND 2,611,506.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MELT", APART FROM THE MARK AS SHOWN.

SER. NO. 76-426,707, FILED 7-1-2002.

BARBARA A. LOUGHRAN, EXAMINING ATTORNEY

EXHIBIT B